**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

BRENNAN CENTER FOR JUSTICE AT NEW YORK UNIVERSITY SCHOOL OF LAW
120 Broadway
Suite 1750
New York, NY 10271

*Plaintiff*,

vs.

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, DC 20530

*Defendant*.

Case No. 26-cv-

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Brennan Center for Justice at New York University School of Law ("Brennan Center") brings this action against Defendant U.S. Department of Justice ("DOJ") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") to produce records of national importance to shed light on DOJ's unprecedented effort to obtain and influence voter registration lists nationwide. Plaintiff alleges as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper under 28 U.S.C. § 1391(e), as Plaintiff is headquartered in the State of New York, within this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

3. Plaintiff Brennan Center for Justice at New York University School of Law ("Brennan Center" or "Brennan") is a nonprofit, nonpartisan law and policy institute. The Brennan Center is a 501(c)(3) corporation headquartered at 120 Broadway in New York, New York.

4. The Brennan Center works to promote democracy and justice by, among other things, regularly writing, publishing, podcasting, and otherwise disseminating information, including through engagement with media outlets. This includes significant dissemination efforts specifically regarding DOJ's efforts to obtain and influence state voter registration lists. Relevant here, the Brennan Center has submitted public records requests to DOJ under FOIA.

5. Defendant U.S. Department of Justice ("DOJ") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. The Civil Rights Division ("CRT") is a component of DOJ. DOJ has possession, custody, and control of records to which Plaintiff seeks access.

## Legal Standards

6. The FOIA statute requires agencies to "make available to the public information" by making agency records "promptly" available upon request. 5 U.S.C. § 552(a).

7. Agencies are required to process FOIA requests on an "expedited" basis when there is a "compelling need" for the information requested or where agency regulations provide additional standards warranting expedition in "other cases." *Id.* § 552(a)(6)(E).

8. There is a "compelling need" warranting expedited processing when a FOIA request concerns a matter about which there is an "urgency to inform the public concerning actual or alleged Federal Government activity" when made by a requester "primarily engaged in disseminating information." *Id.* § 552(a)(6)(E)(v)(II).

9. Under DOJ regulations, expedited processing is separately warranted where a request involves a “matter of widespread and exceptional media interest in which there exist possible questions about the government’s integrity that affect public confidence.” 28 C.F.R. § 16.5(e)(1)(iv).

**<u>Facts</u>**

10. Since 2025, DOJ has carried out an unprecedented effort to obtain voter registration information from states across the country, including through requests for unfettered access to statewide voter registration records, litigation seeking statewide voter registration lists, and agreements seeking to require states to quickly provide extensive voter data to federal officials.[1] DOJ’s efforts have been the subject of extensive media reporting and intense public interest.

11. Public reporting indicates that DOJ sought voter registration information as part of an effort to identify purportedly ineligible voters and undertake its own voter-list maintenance activities before the 2026 midterm elections. Reporting further indicates that DOJ proposed agreements under which states would remove voters identified by DOJ as potentially ineligible.

12. Public reporting also indicates that DOJ considered sharing voter registration information with other federal agencies and outside entities, including through agreements involving the Department of Homeland Security (“DHS”) and third-party contractors.[2]

---

[1] *Federal Requests for Statewide Voter Lists*, Nat’l Conference of State Legislatures (updated May 22, 2026), https://perma.cc/KL6T-H6NJ; Ali Swenson & Gary Fields, *The Justice Department seeks voter and election information from at least 19 states, AP finds,* Assoc. Press (updated Aug. 3, 2025), https://perma.cc/AWB5-PPY9; Ismail Shakil, *Justice Department sues six US states over voter registration lists,* Reuters (Sept. 25, 2025), https://perma.cc/WQ5R-R6LJ; Kaylie Martinez-Ochoa et al., *Tracker of Justice Department Requests for Voter Information,* Brennan Center for Justice (updated June 8, 2026), https://perma.cc/E8AV-KJQK; Patrick Marley & Yvonne Wingett Sanchez, *DOJ hits states with broad requests for voter rolls, election data,* Wash. Post (July 16, 2025), https://perma.cc/D9ME-6YFF; Aaron Pellish, *DOJ sues 6 states for private voter data, voting rolls,* Politico (updated Sept. 25, 2025), https://perma.cc/ELE7-TTHN.

[2] Sarah N. Lynch, *US Justice Dept considers handing over voter roll data for criminal probes, documents show,* Reuters (Sept. 9, 2025), https://perma.cc/F4EZ-H9N7; Jonathan Shorman, *DOJ is sharing state voter roll lists with Homeland Security,* Stateline (Sept. 12, 2025), https://perma.cc/WF34-WSW8; Jonathan Shorman, *DOJ confirms voter data sharing with Homeland Security, but denies building national list,* Stateline (Mar. 27, 2026),

13. DOJ's efforts concerning voter registration information have generated widespread and sustained media attention from numerous national, regional, and local news outlets, and have prompted significant public interest regarding the collection, use, and sharing of voter registration information.[3]

14. The Brennan Center has extensively researched, tracked, and published on DOJ's efforts to obtain and use voter registration information, including through a publicly available tracker and related public education efforts concerning DOJ's requests for voter data. Brennan's work on this matter has been cited by media outlets more than 100 times.[4]

15. The Brennan Center submitted multiple FOIA requests seeking records to shed light on DOJ's efforts to obtain, analyze, and use voter registration information, including records concerning the identification of allegedly ineligible voters, communications with states regarding voter rolls, and agreements with other federal agencies and contractors.

16. The public interest in these records is substantial because they will directly inform the public about ongoing federal efforts affecting voter registration administration before the 2026 elections. As such, Brennan sought expedited processing for each of its requests, based both on the urgent need to inform the public about DOJ's actions and the extensive media interest in this matter involving questions about the integrity of the government's actions.

---

https://perma.cc/JJ2K-5FHB; Becky Bohrer, *Groups sue Alaska elections officials, allege the sharing of voter data with DOJ was unconstitutional,* ASSOC. PRESS (updated Apr. 22, 2026), https://perma.cc/T54H-VWRA; Levine, *supra* note 2; Shorman *supra* note 2.

[3] ACLU of the District of Columbia, *Voting Rights Groups Sue DOJ to Block National Voter Surveil-and-Purge Database,* ACLU (Apr. 21, 2026), https://perma.cc/G9QA-2X2Z; Claire Rush, *Democratic state election officials demand answers on Justice Department's request for voter data,* ASSOC. PRESS (updated Nov. 18, 2025), https://perma.cc/P93L-86PW; *US Justice Department sues five more states over voter registration lists*, REUTERS (updated Feb. 26, 2026), https://perma.cc/2UCJ-V4TQ; Luc Cohen, *Voting rights groups sue over US demand for state voter rolls,* REUTERS (updated Apr. 21, 2026), https://perma.cc/3U9V-RS2K; Martinez-Ochoa et al, *supra* note 1, Cohen *supra* note 2; Levine supra note 2; Pellish, *supra* note 1; Lynch, *supra* note 2.

[4] See e.g., Martinez-Ochoa et al, *supra* note 1.

*CRT List of Voters Request (26-00423-F)*

17. On April 28, 2026, the Brennan Center sent a FOIA request to CRT seeking the following:

> (1) Any and all lists of voters CRT or any other federal government component has recommended, directed, or otherwise identified for removal or potential removal from state voter rolls.
>
> DOJ's proposed memoranda of understanding for states indicate that CRT will notify states of "any voter list maintenance issues, insufficiencies, inadequacies, deficiencies, anomalies, or concerns" and states will then "clean" their "VRL/Data by removing ineligible voters." This request seeks such notifications from DOJ to states that are intended to effect the removal of voters.
>
> (2) Any document reflecting the criteria CRT or any other federal government component is applying or has applied as part of the process of recommending, directing, or otherwise identifying voters for removal or potential removal from state voter rolls.

18. This request sought expedited processing under 28 C.F.R. § 16.5(e)(1)(iv) ("prong iv") and 5 U.S.C. § 552(a)(6)(E)(v)(II) ("prong ii"), citing exceptional media interest, government integrity concerns, and an urgent need to inform the public concerning actual or alleged federal government activity.

19. This request sought records from August 25, 2025, through the date of the search.

20. On May 11, 2026, CRT acknowledged this request and assigned it tracking number 26-00423-F. In this acknowledgement, CRT routed the Brennan Center's request for expedited processing under prong iv to DOJ's Office of Public Affairs ("OPA").

21. On May 28, 2026, the Brennan Center sent a follow-up letter to CRT supplementing the request for request 26-00423-F, and requests 26-00424-F and 26-00425-F, for expedited processing under prong ii.

22. On May 29, 2026, CRT sent the Brennan Center a letter dated May 14, 2026, stating OPA denied Brennan Center's request for expedited processing under prong iv, stating OPA determined "the subject of the request is not of widespread and exceptional media interest and does not pertain to a matter 'in which there exist possible questions about the [federal] government's integrity which affect public confidence.'"

23. On June 2, 2026, the Brennan Center appealed the denial of expedited processing under prong iv to DOJ's Office of Information Policy ("OIP") citing the exhaustive amount of information warranting the granting of expedited processing of this request. This appeal was assigned tracking number A-2026-01568.

24. On June 8, 2026, OIP denied the Brennan Center's appeal for expedited processing under prong iv.

25. The Brennan Center has not received a determination or any responsive records in response to this request.

26. The Brennan Center has also not received a determination from CRT regarding its request for expedited processing under prong ii.

*CRT State Communications Request (26-00424-F)*

27. On April 28, 2026, the Brennan Center sent a FOIA request to CRT seeking the following:

> All communications (including email, formal correspondence, and electronic and text messages (including on messaging applications such as Signal, WhatsApp, Truth Social, and X)) between (1) Eric Neff, Harmeet Dhillon, Maureen Riordan, John R. Casali, Brittany Bennett, Christopher Gardner, Michael Gates, Megan Frederick, Joseph Voiland, or any other CRT official responsible for communication with states regarding voter rolls, and (2) any state government officials from the selected states below, concerning (3) voter registration lists or voter rolls (including, but not limited to,

> the provision of voter registration information to federal government entities and identification of potentially ineligible voters).
>
> Selected states: Wyoming, South Dakota, Nebraska, Mississippi, Oklahoma, Texas, Arkansas, Louisiana, Alabama, Tennessee, Alaska, Indiana, Ohio, Alabama, South Carolina, Iowa, Montana, Missouri, Florida, North Carolina, and Kansas.

28. This request sought expedited processing under prongs ii and iv, citing exceptional media interest, government integrity concerns, and an urgent need to inform the public concerning actual or alleged federal government activity.

29. This request sought records from August 25, 2025, through the date of the search.

30. On May 11, 2026, CRT acknowledged this request and assigned it tracking number 26-00424-F. In this acknowledgement, CRT routed Brennan Center's request for expedited processing under prong iv to OPA.

31. On May 14, 2026, CRT sent the Brennan Center a letter, stating OPA denied Brennan Center's request for expedited processing under prong iv, stating OPA determined "the subject of the request is not of widespread and exceptional media interest and does not pertain to a matter 'in which there exist possible questions about the [federal] government's integrity which affect public confidence.'"

32. On May 28, 2026, the Brennan Center sent a follow-up letter to CRT supplementing the request for request 26-00424-F, and requests 26-00423-F and 26-00425-F, for expedited processing under prong ii.

33. On May 28, 2026, the Brennan Center appealed the denial of expedited processing under prong iv to DOJ's Office of Information Policy ("OIP") citing the exhaustive amount of information warranting the granting of expedited processing of this request. This appeal was assigned tracking number A-2026-01539.

34. On June 8, 2026, OIP denied the Brennan Center's appeal for expedited processing under prong iv.

35. The Brennan Center has not received a determination or any responsive records in response to this request.

36. The Brennan Center has also not received a determination from CRT regarding its request for expedited processing under prong ii.

*Agreements Request*

37. On April 28, 2026, the Brennan Center sent a FOIA request to CRT seeking the following:

> All Memoranda of Understanding (MOU), Memoranda of Agreement (MOA), contracts, or other final inter- or intra-agency agreements between DOJ and any other entity regarding elections and voting, including Voter Registration Lists.
>
> Responsive records to this request should include, at a minimum, any agreements with outside contractors (as referenced in CRT's MOUs with states regarding voter data) as well as any agreements between DOJ (including its components or officials) and the Department of Homeland Security ("DHS") or its components reviewing voter rolls or voter information.
>
> Any and all lists of voters identified by any third-party contractor or other federal government agency (such as DHS) for DOJ as voters who are purportedly potentially ineligible to vote.

38. This request sought expedited processing under prongs ii and iv, citing exceptional media interest, government integrity concerns, and an urgent need to inform the public concerning actual or alleged federal government activity.

39. This request sought records from August 25, 2025, through the date of the search.

40. On May 11, 2026, CRT acknowledged this request and assigned it tracking number 26-00425-F. In this acknowledgement, CRT routed Brennan Center's request for expedited processing under prong iv to OPA.

41. On May 14, 2026, CRT sent the Brennan Center a letter, stating OPA denied Brennan Center's request for expedited processing under prong iv, writing that OPA determined "the subject of the request is not of widespread and exceptional media interest and does not pertain to a matter 'in which there exist possible questions about the [federal] government's integrity which affect public confidence.'"

42. On May 28, 2026, the Brennan Center sent a follow-up letter to CRT supplementing the request for this request and requests 26-00423-F, and 26-00424-F for expedited processing under prong ii.

43. On May 28, 2026, the Brennan Center appealed the denial of expedited processing under prong iv to DOJ's Office of Information Policy ("OIP") citing the exhaustive amount of information warranting the granting of expedited processing of this request. This appeal was assigned tracking number A-2026-01540.

44. On June 8, 2026, OIP denied the Brennan Center's appeal for expedited processing under prong iv.

45. The Brennan Center has not received a determination or any responsive records from CRT in response to this request.

46. The Brennan Center has also not received a determination from CRT regarding its request for expedited processing under prong ii.

*Exhaustion of Administrative Remedies*

47. As of the date of the Complaint, Defendant has failed to notify the Brennan Center

of determinations regarding the Brennan Center's requests and prong ii expedited processing requests. Through Defendants' failure to respond within the time limits required by law, the Brennan Center has constructively exhausted administrative remedies. Through the denial of the Brennan Center's expedited processing requests and appeals, the Brennan Center has also exhausted administrative remedies.

## CLAIM FOR RELIEF

### Count 1 (Violation of FOIA, 5 U.S.C. § 552)

48. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

49. By failing to respond to Plaintiff's requests 26-00423-F, 26-00424-F. and 26-00425-F with determinations and prompt productions of responsive records within the statutorily mandated time period, Defendant has violated its duties under 5 U.S.C.§ 552, including but not limited to, its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive records.

### Count 2 (Violation of FOIA, Failure to Grant Expedited Processing, 5 U.S.C. § 552, 28 C.F.R. § 16.5(e)(1)(iv))

50. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

51. By failing to grant expedited processing for requests 26-00423-F, 26-00424-F, and 26-00425-F under 28 C.F.R. § 16.5(e)(1)(iv), Defendant has violated the FOIA and its regulations for this matter involving exceptional and widespread media interest concerning questions of governmental integrity that affect public confidence.

**Count 3 (Violation of FOIA, Failure to Grant Expedited Processing, 5 U.S.C. § 552, 28 C. 28 C.F.R. § 16.5(e)(1)(ii))**

52. Plaintiff incorporates by reference the foregoing paragraphs as though full set for herein.

53. By failing to grant expedited processing for requests 26-00423-F, 26-00424-F. and 26-00425-F under 28 C.F.R. § 16.5(e)(1)(ii) and 5 U.S.C. § 552(a)(6)(E)(v)(II), Defendant has violated the FOIA and its regulation for this matter involving actual or alleged Federal Government activity about which there is an urgent need to inform the public, made by an entity which is primarily engaged in disseminating information.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

1. Order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests using search methods reasonably calculated to lead to discovery of all responsive records;
2. Order Defendant to expedite processing of Plaintiff's requests and produce non-exempt portions of all responsive records as soon as is practicable;
3. Order Defendant to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;
4. Enjoin Defendant from continuing to withhold any and all non-exempt responsive records;
5. Award Plaintiff's costs, attorneys' fees, and other disbursements for this action; and

6. Grant any other relief this Court deems appropriate.

Dated: June 25, 2026

Respectfully submitted,

/s/ *Daniel A. McGrath*

Daniel A. McGrath
(S.D.N.Y. Bar No. 5541198)
Anisha N. Hindocha*
(D.C. Bar No. 1725159)
Ronald A. Fein*
(D.C. Bar No. 90026641)
Robin F. Thurston*
(D.C. Bar No. 7268942)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
dmcgrath@democracyforward.org
ahindocha@democracyforward.org
rfein@democracyforward.org
rthurston@democracyforward.org
Counsel for the Brennan Center for Justice a
New York University School of Law
*pro hac vice forthcoming