JAY CLAYTON
United States Attorney for the
Southern District of New York
By:  RACHAEL DOUD
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone:  (212) 637-2699
Email: rachael.doud@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BRENNAN CENTER FOR JUSTICE AT NEW
YORK UNIVERSITY SCHOOL OF LAW,

          Plaintiff,

          v.

UNITED STATES DEPARTMENT OF JUSTICE,

          Defendant.

No. 26 Civ. 05361 (AT)

---

**ANSWER**

Defendant the U.S. Department of Justice ("Department" or "Defendant") by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, answers the complaint of plaintiff the Brennan Center for Justice at New York University School of Law ("Plaintiff") dated June 25, 2026 (ECF No. 1, "Complaint"). To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant responds to the Complaint in like numbered paragraphs, upon information and belief, as follows:

### Jurisdiction and Venue[1]

1.      Paragraph 1 of the Complaint consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that the Court has jurisdiction over claims involving proper Freedom of Information Act ("FOIA") requests, subject to the terms, conditions, and limitations of FOIA.

2.      Paragraph 2 of the Complaint consists of legal conclusions regarding venue, to which no response is required. To the extent a response is deemed required, Defendant denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning the Brennan Center for Justice's place of business.

### Parties

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4.      Defendant admits that Plaintiff has submitted FOIA requests to Defendant and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5.      Defendant admits that it is a federal agency subject to the terms of FOIA and that the Civil Rights Division ("CRT") is a component of Defendant. The third sentence of Paragraph 5 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To

---

1 For convenience, section headings of the Complaint are included, but they are not part of Defendant's response to the Complaint.

the extent a response is deemed required, Defendant asserts that it is undertaking efforts to determine whether it has possession of records responsive to Plaintiff's FOIA requests.

## Legal Standards

6.     Paragraph 6 of the Complaint consists of Plaintiff's characterization of and quotations from a provision of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the relevant provision for a complete and accurate statement of its contents.

7.     Paragraph 7 of the Complaint consists of Plaintiff's characterization of and quotations from a provision of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the relevant provision for a complete and accurate statement of its contents.

8.     Paragraph 8 of the Complaint consists of Plaintiff's characterization of and quotations from a provision of FOIA, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the relevant provision for a complete and accurate statement of its contents.

9.     Paragraph 9 of the Complaint consists of Plaintiff's characterization of and quotations from a regulation, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the relevant provision for a complete and accurate statement of its contents.

## Facts

10.     Paragraph 10 of the Complaint consists of factual allegations and characterizations that are unrelated to Plaintiff's legal claims under FOIA and characterization of

news articles, to which no response is required. Defendant respectfully refers the Court to the articles for a complete and accurate statement of their contents.

11. Paragraph 11 of the Complaint consists of factual allegations and characterizations that are unrelated to Plaintiff's legal claims under FOIA and characterization of news articles, to which no response is required. Defendant respectfully refers the Court to the articles for a complete and accurate statement of their contents.

12. Paragraph 12 of the Complaint consists of factual allegations and characterizations that are unrelated to Plaintiff's legal claims under FOIA and characterization of news articles, to which no response is required. Defendant respectfully refers the Court to the articles for a complete and accurate statement of their contents.

13. Paragraph 13 of the Complaint consists of factual allegations and characterizations that are unrelated to Plaintiff's legal claims under FOIA and characterization of news articles, to which no response is required. Defendant respectfully refers the Court to the articles for a complete and accurate statement of their contents.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff submitted the FOIA requests referenced in Paragraphs 17, 27, and 37 of the Complaint to Defendant.  The remainder of Paragraph 15 consists of Plaintiff's characterization of the purpose and contents of its FOIA requests, to which no response is required. Defendant respectfully refers the Court to the requests for a complete and accurate statement of their contents.

16. Paragraph 16 of the Complaint consists of Plaintiff's characterization of the purpose of its requests for expedited processing of its FOIA requests, as well as Plaintiff's

4

subjective characterization of the public interest in the requested records, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to expedited processing of its requests.

17. Defendant admits that it received a FOIA request dated April 28, 2026, from Plaintiff. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

18. Defendant admits that Plaintiff's April 28, 2026, request sought expedited processing. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

19. Defendant admits that it received a FOIA request dated April 28, 2026, from Plaintiff. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

20. Defendant admits that it sent correspondence to Plaintiff on May 11, 2026, confirming receipt of Plaintiff's request and assigning it tracking number 26-00423-F. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

21. Defendant admits that it received a letter from Plaintiff on or about May 28, 2026. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

22. Defendant admits that on or around May 14, 2026, it sent Plaintiff a letter denying its request for expedited processing under 28 C.F.R. § 16.5(e)(1)(iv). Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

23.     Defendant admits that on June 2, 2026, Plaintiff submitted an appeal of the denial of its request for expedited processing under 28 C.F.R. § 16.5(e)(1)(iv) and that Defendant assigned the appeal tracking number A-2026-01568. Defendant respectfully refers the Court to that appeal for a complete and accurate statement of its contents.

24.     Defendant admits that on June 8, 2026, it sent Plaintiff a communication denying Plaintiff's appeal. Defendant respectfully refers the Court to that communication for a complete and accurate statement of its contents.

25.     Defendant admits that it was still processing Request 26-00423-F when Plaintiff filed the Complaint in this action.

26.     Defendant admits that it was still processing Plaintiff's request for expedited processing under 5 U.S.C. § 552(a)(6)(E)(v)(II) when Plaintiff filed the Complaint in this action.

27.     Defendant admits that it received a FOIA request dated April 28, 2026, from Plaintiff. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

28.     Defendant admits that Plaintiff's April 28, 2026, request sought expedited processing. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

29.     Defendant admits that it received a FOIA request dated April 28, 2026, from Plaintiff. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

30.     Defendant admits that it sent correspondence to Plaintiff on May 11, 2026, confirming receipt of Plaintiff's request and assigning it tracking number 26-00424-F. Defendant

6

respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

31.     Defendant admits that on May 14, 2026, it sent Plaintiff a letter denying its request for expedited processing under 28 C.F.R. § 16.5(e)(1)(iv). Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

32.     Defendant admits that it received a letter from Plaintiff on or about May 28, 2026. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

33.     Defendant admits that on May 28, 2026, Plaintiff submitted an appeal of the denial of its request for expedited processing under 28 C.F.R. § 16.5(e)(1)(iv) and that Defendant assigned the appeal tracking number A-2026-01539. Defendant respectfully refers the Court to that appeal for a complete and accurate statement of its contents.

34.     Defendant admits that on June 8, 2026, it sent Plaintiff a communication denying Plaintiff's appeal. Defendant respectfully refers the Court to that communication for a complete and accurate statement of its contents.

35.     Defendant admits that it was still processing Request 26-00424-F when Plaintiff filed the Complaint in this action.

36.     Defendant admits that it was still processing Plaintiff's request for expedited processing under 5 U.S.C. § 552(a)(6)(E)(v)(II) when Plaintiff filed the Complaint in this action.

37.     Defendant admits that it received a FOIA request dated April 28, 2026, from Plaintiff. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

38.     Defendant admits that Plaintiff's April 28, 2026, request sought expedited processing. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

39.     Defendant admits that it received a FOIA request dated April 28, 2026, from Plaintiff. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

40.     Defendant admits that it sent correspondence to Plaintiff on May 11, 2026, confirming receipt of Plaintiff's request and assigning it tracking number 26-00425-F. Defendant respectfully refers the Court to that correspondence for a complete and accurate statement of its contents.

41.     Defendant admits that on May 14, 2026, it sent Plaintiff a letter denying its request for expedited processing under 28 C.F.R. § 16.5(e)(1)(iv). Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

42.     Defendant admits that it received a letter from Plaintiff on or about May 28, 2026. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

43.     Defendant admits that on May 28, 2026, Plaintiff submitted an appeal of the denial of Plaintiff's request for expedited processing under 28 C.F.R. § 16.5(e)(1)(iv), and that Defendant assigned the appeal tracking number A-2026-01540. Defendant respectfully refers the Court to that appeal for a complete and accurate statement of its contents.

44.     Defendant admits that on June 8, 2026, it sent Plaintiff a communication denying Plaintiff's appeal. Defendant respectfully refers the Court to that communication for a complete and accurate statement of its contents.

45. Defendant admits that it was still processing Request 26-00425-F when Plaintiff filed the Complaint in this action.

46. Defendant admits that it was still processing Plaintiff's request for expedited processing under 5 U.S.C. § 552(a)(6)(E)(v)(II) when Plaintiff filed the Complaint in this action.

47. Defendant admits that it was still processing Plaintiff's FOIA requests and requests for expedited processing under 5 U.S.C. § 552(a)(6)(E)(v)(II) when Plaintiff filed the Complaint in this action. The remainder of Paragraph 47 consists of legal conclusions concerning exhaustion of administrative remedies, to which no response is required.

## CLAIM FOR RELIEF

### Count 1 (Violation of FOIA, 5 U.S.C. § 552)

48. Defendant incorporates by reference its responses to Paragraphs 1 to 47 of the Complaint.

49. Paragraph 49 of the Complaint consists of Plaintiff's characterization of Defendant's legal obligations under FOIA and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this Paragraph.

### Count 2 (Violation of FOIA, Failure to Grant Expedited Processing, 5 U.S.C. § 552, 28 C.F.R. § 16.5(e)(1)(iv)

50. Defendant incorporates by reference its responses to Paragraphs 1 to 49 of the Complaint.

51. Paragraph 51 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this Paragraph.

9

**Count 3 (Violation of FOIA, Failure to Grant Expedited Processing, 5 U.S.C. § 552, 28 C.F.R. § 16.5(e)(1)(ii)**

52.    Defendant incorporates by reference its responses to Paragraphs 1 to 51 of the Complaint.

53.    Paragraph 53 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this Paragraph.

## REQUEST FOR RELIEF

54.    The paragraph beginning with "WHEREFORE" on the eleventh page of the Complaint, including subparagraphs "1" through "6," consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or any other relief for the claims alleged in the Complaint.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied. Without waiving, limiting, or amending the foregoing, Defendant avers the following additional and affirmative defenses, in the alternative where appropriate, and to the extent discovery and evidence so indicate:

## FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

10

## SECOND DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552(a).

## THIRD DEFENSE

Defendant's actions did not violate FOIA or any other statutory or regulatory provisions.

## FOURTH DEFENSE

Some or all of the requested records or information are exempt from disclosure, in whole or in part. *See* U.S.C. § 552(b).

## FIFTH DEFENSE

Plaintiff's FOIA requests do not reasonably describe the records sought.

## SIXTH DEFENSE

Plaintiff is neither eligible for nor entitled to injunctive relief, attorneys' fees, costs of suit, or any damages or any relief whatsoever.

## SEVENTH DEFENSE

Defendant has exercised due diligence in processing Plaintiff's requests, but exceptional circumstances exist that necessitate additional time for Defendant to complete the processing of the requests. 5 U.S.C. § 552(a)(6)(C).

In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendant may have additional defenses which are not currently known but may become known at a later time. Accordingly, Defendant reserves the right to assert each and every affirmative or other defense

11

12

that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal

Rules of Civil Procedure.

Dated:      July 27, 2026
New York, New York

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:   */s/ Rachael Doud*
RACHAEL DOUD
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2699
E-mail: Rachael.Doud@usdoj.gov

12